

Kim J. Trout, ISB No. 2468
TROUT ♦ JONES ♦ GLEDHILL ♦ FUHRMAN, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529

Attorneys for Plaintiff TransCorp, Inc.

NO._____
A.M._____FILED_____P.M.

SEP 18 2007
J. DAVID NAVARRO, Clerk
By J. EARLE
DEPUTY

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| TRANSCORP, INC., <br><br>    Plaintiff, <br>vs. <br><br>NORTHLAND INSURANCE COMPANY, <br><br>    Defendant. | Case No.: **CV OC 0716634** <br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW TransCorp, Inc. by and through its attorneys of record, TROUT ♦ JONES ♦ GLEDHILL ♦ FUHRMAN, P.A., and hereby alleges and complains against the above named Defendant as follows:

### I.
### PARTIES AND VENUE

1.  The Plaintiff TransCorp, Inc. ("Plaintiff") is a corporation with its principal place of business located in Boise, Ada County, Idaho.

2.  Defendant Northland Insurance Company ("Defendant") is a corporation with its principal place of business located in St. Paul, Ramsey County, Minnesota.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

3. This Court has subject matter jurisdiction over this action pursuant to and by virtue of Idaho Code § 1-705.

4. This Court has personal jurisdiction over the Defendant pursuant to Idaho Code § 5-514.

5. Venue is proper in the Fourth Judicial District in and for the County of Ada, pursuant to and by virtue of Idaho Code § 5-404.

## II.
## GENERAL ALLEGATIONS

6. Plaintiff hereby realleges paragraphs 1 through 5 above and incorporates the same by reference as though fully set forth herein.

7. On or about May 1, 2005, Anthony Alexander ("Alexander") entered into a written contract ("Agreement") to lease a 2005 Freightliner Tractor (the "truck") and 1992 Utility Trailer from Plaintiff.

8. The Agreement obligated Alexander to provide, maintain and pay all premiums for insurance against loss, theft, destruction or damage of the truck and equipment. Further, Alexander was required to insure in an amount not less than the full replacement value of the truck and equipment with the loss payable to Plaintiff.

9. On or about April 29, 2005, Alexander purchased an insurance policy ("Policy"), which named Defendant as the insurer and provided coverage through Jan 14, 2006. Plaintiff was identified in the Policy as an additional insured and loss payee.

10. This Policy was renewed on or about January 14, 2006 and set to expire on January 14, 2007. Defendant failed to name Plaintiff as an additional insured and loss payee in the Renewed Policy.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

11. Pursuant to the original Policy and the Renewed Policy, Defendant contracted to provide the lessor, Plaintiff, with notice of a cancellation. "If you (insured) cancel the policy, we will mail notice to the lessor."

12. On information and belief, on or about December 29, 2006, Alexander left the truck at a Nampa truck stop. On information and belief, thereafter, the truck disappeared and its location is unknown, and the truck is unrecoverable by Plaintiff.

13. On or about January 2007, on information and belief, Alexander either cancelled the Renewed Policy or failed to remain current on his obligation to maintain insurance with the Defendant and the Policy lapsed.

14. Defendant failed to name Plaintiff as an additional insured and loss payee in the Renewed Policy and Plaintiff was never contacted by Defendant regarding this lapse or cancellation of coverage and was unaware that Defendant had cancelled the Renewed Policy.

15. On or about March 1, 2007, Plaintiff became aware the truck was missing and made a diligent attempt to locate the truck and has been unable to locate the truck and believes the same to be stolen.

16. Plaintiff has made demand to Defendant for payment for the loss of the truck pursuant to the Renewed Policy, and Defendant has failed and refused to pay.

### III.
### FIRST CAUSE OF ACTION
### (Breach of Contract/ Failure to Provide Notice)

17. Plaintiff realleges the allegations set forth in paragraphs 1 through 16 above and incorporates the same by reference as though fully set forth herein.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

18. Defendant is contractually obligated to provide the lessor, Plaintiff, with notice of any cancellation in the Renewed Policy by either the Defendant or the insured.

19. Contrary to Defendant's obligation, it failed to list Plaintiff in the Renewed Policy as a loss payee when the insurance policy was renewed by Alexander.

20. Pursuant to the Renewed Policy, Defendant was required to provide Plaintiff with notice of cancellation. This notice was never given to Plaintiff. By failing to give notice, the Renewed Policy remained in effect as to the Plaintiff as additional insured and loss payee. The lapse in coverage as to Alexander does not affect Plaintiff's rights in as much as it is an additional insured and loss payee under the Renewed Policy and no notice of cancellation was ever given to Plaintiff.

21. Defendant is contractually obligated to pay for the loss of the stolen truck in accordance with the Renewed Policy.

22. Defendant has materially breached its contract by not properly recording Plaintiff as a loss payee when it renewed the policy and Defendant has breached the contract by failing to make any payments due Plaintiff under the Renewed Policy based upon the loss of the truck.

23. Plaintiff has made demand for payment for the loss under the Renewed Policy, but Defendant has failed and refused to pay for the loss.

24. As a direct and proximate result of Defendant's material breach of the Renewed Policy, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to, incidental and consequential damages.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

# IV.
## SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

25.     Plaintiff realleges the allegations set forth in paragraphs 1 through 24 above and incorporates the same by reference as though fully set forth herein.

26.     Implied into every contract as a matter of law is a covenant of good faith and fair dealing.

27.     Defendant has a duty to perform its obligations under the Renewed Policy fairly and in good faith.

28.     Defendant has breached this implied covenant by failing to properly list Plaintiff as a loss payee in the renewal form, and by failing to make the contractually obligated payment for the loss of the truck.

29.     Defendant has denied Plaintiff its right to receive payment pursuant to the Renewed Policy and has breached its duty under the covenant of good faith and fair dealing.

30.     As a direct and proximate result of Defendant's material breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to, incidental and consequential damages.

# V.
## THIRD CAUSE OF ACTION
### (The Tort of Bad Faith)

31.     Plaintiff realleges the allegations set forth in paragraphs 1 through 30 above and incorporates the same by reference as though fully set forth herein.

32.     An insurer is under a duty to exercise good faith in considering claims by its insured for an amount with the policy limits.

33. Defendant is guilty of bad faith in unreasonably denying or unreasonably delaying settlement of Plaintiff's claim. Bad faith includes Defendant's intentional and negligent denials or delays in paying the claims of its insured.

34. Plaintiff has a claim for recovery according the plain language of the Renewed Policy. Plaintiff is an additional insured and loss payee under the Renewed Policy. Defendant has admitted Plaintiff's status as an additional insured and loss payee under the Renewed Policy.

35. Plaintiff was never timely notified of a cancellation of the Renewed Policy, and thus coverage was still in effect. Plaintiff is entitled to recovery in accordance with the Renewed Policy for the loss of the truck and Defendant's denial of payment constitutes bad faith.

36. As a direct and proximate result of Defendant's bad faith actions, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to, incidental and consequential damages in contract, and punitive damages for commission of the tort of bad faith.

## VI.
## ATTORNEY'S FEES AND COSTS

Plaintiff has been required to retain the law firm of TROUT ♦ JONES ♦ GLEDHILL ♦ FUHRMAN, P.A. to represent it in this matter and is entitled to an award of attorney's fees and costs pursuant to Idaho Code §§ 12-120, 12-121, 41-1839 and I.R.C.P. 54(d) for all causes of action in this Complaint. A reasonable amount of attorneys' fees is $10,000 in the event a default judgment is rendered against the Defendant.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues pursuant to Idaho Rule of Civil Procedure 38(b).

COMPLAINT AND DEMAND FOR JURY TRIAL - 6

WHEREFORE, Plaintiff prays for relief as follows:

A.  For a judgment for damages against Defendant on Plaintiff's Breach of Contract claims in an amount to be proven at trial.

B.  For a judgment against Defendant on Plaintiff's claim for Breach of the Covenant of Good Faith and Fair Dealing in an amount to be proven at trial.

C.  For a judgment against Defendant for the tort of Bad Faith in an amount to be proven at trial.

D.  That Defendants be ordered to pay the Plaintiff's attorneys' fees and costs pursuant to I.C. §§ 12-120, 12-121, 14-1839 and Idaho Rule of Civil Procedure 54(d), for which $10,000 would be the reasonable amount of Attorneys' fees in the event that a default judgment is rendered against the Defendant.

E.  For such other and further relief as this Court deems just and proper.

DATED this 18 day of September, 2007.

TROUT ♦ JONES ♦ GLEDHILL ♦ FUHRMAN, P.A.

_____
Kim J. Trout

COMPLAINT AND DEMAND FOR JURY TRIAL - 7



FIRST CLASS



Idaho Department of Insurance
700 W. State St. 3rd Floor
P.O. Box 83720
Boise, Idaho 83720-0043

NORTHLAND INSURANCE COMPANY
% CORPORATION SERVICE COMPANY
1401 SHORELINE DRIVE, SUITE 2
BOISE ID 83702



CERTIFIED MAIL

7005 1160 0000 1506 6680