IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRANSCORP, INC., ) | |
| ) | Case No. CV-07-453-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| NORTHLAND INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

The Court has before it Plaintiff's Rule 56(f) Motion for Postponement of Hearing on Summary Judgment (Docket No. 27). For the reasons explained below, the Court will deny the motion.

## ANALYSIS

**I.  Rule 56(f) Motion**

The Court may postpone deciding a motion for summary judgment in order to give the nonmoving party more time to gather evidence. Fed. R. Civ. P. 56(f). Rule 56(f) requires "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" Employers Teamsters Local Nos. 175 & 505

**Memorandum Decision and Order – 1**

*Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). The burden is on the party submitting the 56(f) motion to proffer sufficient facts to show that the evidence sought exists, and that such evidence would prevent summary judgment. *See Id.* at 1129-30. "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past. . . ." *Id.* at 30 (internal quotation and citation omitted).

  Here, Plaintiff acknowledges that although it was given an opportunity to depose Tony Alexander, Plaintiff determined that, based on its legal theories of the case, Plaintiff did not need to depose Mr. Alexander. After the discovery cutoff date, and upon receiving Defendant's motion for summary judgment, Plaintiff has now changed its mind. Plaintiff contends that Mr. Alexander made prior statements which conflict with his affidavit in support of summary judgment, apparently making the date of the loss of a 2005 Freightliner Tractor a determinative issue in this case.

  Plaintiff has not specifically identified any relevant information it intends to obtain by deposing Mr. Alexander. In fact, other than two affidavits of counsel, where counsel assert that Mr. Alexander has made "conflicting prior statements . . .

**Memorandum Decision and Order – 2**

as compared to his Affidavit," Plaintiff has not offered any explanation or proffer of facts to show that any relevant evidence sought exists.  (See Graham Aff., ¶ 6).  In fact, Plaintiff failed to even file a memorandum in support of their motion explaining their arguments.  Moreover, Plaintiff's decision not to depose Mr. Alexander until after the discovery cutoff date, and after Defendant filed its motion for summary judgment, suggests a lack of diligence in pursuing discovery in the past.  Plaintiff had a full opportunity to flesh out Defendant's legal theories during discovery, but simply chose not to do so.  Thus, Plaintiff's motion is untimely.

Accordingly, the Court will deny the motion.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Rule 56(f) Motion for Postponement of Hearing on Summary Judgment (Docket No. 27) shall be, and the same is hereby, DENIED.



DATED:  **July 23, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – 3**